Samuel McNEIL, Plaintiff–Appellant,

v.

**UNITED STATES, Defendant–Appellee.**

No. 2012–5032.

United States Court of Appeals,
Federal Circuit.

April 4, 2012.

Rehearing En Banc Denied
June 12, 2012.

Samuel McNeil, of Azusa, CA, pro se.

Gregg P. Yates, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Tony West, Assistant Attorney–General, Jeanne E. Davidson, Director, and Claudia Burke, Assistant Director.

Before BRYSON, SCHALL, and PROST, Circuit Judges.

DECISION

PER CURIAM.

Samuel McNeil appeals from an order of the Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. We affirm.

BACKGROUND

Mr. McNeil served in the United States Air Force Reserve for a number of years, during which he had access to a government-issued credit card. He incurred a balance of approximately $1,200 on this credit card, which he failed to pay for nearly two years. Although his superiors ordered him to pay off the balance of the card, Mr. McNeil failed to make more than a single $10 payment. Consequently, the Air Force demoted him. After Mr. McNeil again failed to reduce the balance on the card, the Air Force proposed to remove him from service. Mr. McNeil submitted his proposed removal to the Air Force Administrative Discharge Board, which found that he was subject to removal. Mr. McNeil was discharged in August 1998.

During a portion of the time that he served in the Air Force Reserve, Mr. McNeil was employed as a custodian with the United States Postal Service. After

seven years of employment, he was removed from that position in June 1989 for excessive absenteeism and poor performance. Mr. McNeil appealed his removal to the Merit Systems Protection Board. The Board affirmed the removal action, but it also held that the Postal Service had improperly suspended him prior to his removal and awarded him back pay for that period. Mr. McNeil did not seek review of the Board's decision in this court.

Instead, Mr. McNeil sought to challenge the Board's decision by filing a lawsuit in the United States District Court for the Central District of California. The district court dismissed the complaint on the ground that the court lacked subject matter jurisdiction to hear such an appeal. *McNeil v. Runyon*, No. 97–CV–5575 (C.D.Cal. Nov. 20, 1997). The United States Court of Appeals for the Ninth Circuit affirmed. *McNeil v. Runyon*, 152 F.3d 927 (9th Cir.1998) (table).

In 1998 and 1999, Mr. McNeil filed a number of complaints with the Court of Federal Claims alleging breach of his enlistment contract with the Air Force Reserve, breach of his employment contract with the Postal Service, and various related statutory and constitutional violations. The court dismissed those complaints for lack of subject matter jurisdiction, for failure to state a claim upon which relief could be granted, or as time-barred. *See McNeil v. United States*, No. 99–CV–26 (Fed.Cl. Jan. 14, 1999); *McNeil v. United States*, No. 99–CV–2 (Fed.Cl. Jan. 4, 1999); *McNeil v. United States*, No. 98–CV–926 (Fed.Cl. Dec. 18, 1998).

Mr. McNeil subsequently filed another appeal with the Merit Systems Protection Board, seeking an increase in the back pay award he had received in 1991. The administrative judge dismissed that appeal for lack of subject matter jurisdiction. The full Board denied Mr. McNeil's petition for review, and this court affirmed. *McNeil v. U.S. Postal Serv.*, 4 F.App'x 897 (Fed.Cir.2001).

Mr. McNeil recently filed an action against the Board and the Postal Service, among others, in the United States District Court for the Central District of California, claiming discrimination and constitutional violations. The court found that those claims were barred by *res judicata*, as they either were raised or should have been raised in an earlier action. *See McNeil v. U.S. Postal Serv.*, No. 09–CV–5730 (C.D.Cal. July 27, 2010).

Mr. McNeil then filed the present action in the Court of Federal Claims alleging tort claims, constitutional violations, and breaches of contract. He asserted "a tort claim for breach of military enlistment contract, execution of illegal orders and intentional infliction of unreasonable emotional distress" relating to his military service and a tort claim "for intentional infliction of emotional distress," "verbal assault," and the issuance of "illegal orders" relating to his employment with the Postal Service. Mr. McNeil also asserted a breach of his employment contract with the Postal Service and his enlistment contract with the Air Force Reserve.

The Court of Federal Claims held that it lacked subject matter jurisdiction over Mr. McNeil's tort and constitutional claims under the Tucker Act, 28 U.S.C. § 1491. While noting that the breach of contract claims fell within its jurisdiction, the court dismissed those claims as time-barred because they were filed more than six years after the claims had accrued.

## DISCUSSION

On appeal, Mr. McNeil asserts that there was a fraud on the court, that his claims are within the jurisdiction of the Court of Federal Claims, and that the

statute of limitations is not applicable to his claims.

■ As an initial matter, it is not clear what conduct Mr. McNeil alleges gives rise to a fraud on the court. Mr. McNeil has pointed to nothing by way of support for his claim of fraud on the court beyond his bare assertion. As such, we must reject his claim.

■ Mr. McNeil's tort claims were properly dismissed because the Court of Federal Claims is expressly barred from considering such claims. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States ... for liquidated or unliquidated damages in cases not sounding in tort.").

■ Mr. McNeil has also failed to show that the Court of Federal Claims has jurisdiction over his constitutional claims. In particular, he has not shown that the claims, alleged violations of the Fifth and Fourteenth Amendments, are based on provisions requiring the payment of money damages. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed.Cir.1995).

■ Finally, Mr. McNeil's claims of breach of contract are time-barred. The statute of limitations for actions in the Court of Federal Claims is six years. 28 U.S.C. § 2501. Thus, when "all events have occurred that are necessary to enable the plaintiff to bring suit, i.e., when 'all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money[,]' " the claim accrues and the party has six years to file a complaint with the court. *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed.Cir.2003) (en banc), quoting *Nager Elec. Co. v. United States*, 177 Ct.Cl. 234, 368 F.2d 847, 851 (1966). To fall within the statute of limitations, the events giving rise to Mr. McNeil's claims against the Air Force and against the Postal Service must have occurred after June 14 and 15, 2005, respectively—within six years of the filing of his complaints. However, the conduct that Mr. McNeil alleges gave rise to his breach of contract claims—his discharge from the Air Force and his dismissal from the Postal Service—occurred prior to 2000, well before the June 2005 limitations date. Mr. McNeil's reliance on equitable tolling does not change that result; the six-year limitations period of section 2501 is not subject to equitable tolling. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133–34, 136–38, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008).

No costs.

**AFFIRMED.**